UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

CHARLES ESCANO et al.,

    Plaintiffs,

  -v-                                              No.  13 Civ. 1575 (LTS)(GWG)

FREEMONT INVESTMENT & LOAN et al.,

    Defendants.

-------------------------------------------------------x

## MEMORANDUM ORDER

Defendants Arlington Financial Corporation s/h/a Arlington Financial ("Arlington") and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively, "Defendants") each move to dismiss the Verified Complaint (the "Complaint") filed by Plaintiffs Charles Escano, Yomaira Escano and Daneiry Asis (collectively, "Plaintiffs"), pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that the Complaint is untimely and fails to state a claim upon which relief may be granted.  No opposition to the motions has been filed.[1] This case was originally filed in the Supreme Court for the State of New York, Bronx County, by Plaintiffs on or about January 30, 2013.  See Charles Escano, Yomaira Escano and Daneiry Asis v. Freemont Investment & Loan, Arlington Financial, Mortgage Electronic Registration Systems Inc., Index No. 300679/2013.  It was removed to this Court on March 8, 2013. Plaintiffs assert that Defendants collectively violated the Truth in Lending Act, 15 U.S.C. § 1638

---

[1] Plaintiffs' attorney has not entered an appearance on this Court's ECF system. Arlington has submitted an affidavit of service attesting to service on Plaintiffs' counsel by mail on May 1, 2013, of its motion to dismiss and supporting papers and MERS has submitted an affidavit attesting to service by mail of its motion to dismiss and supporting papers on Plaintiffs' counsel on May 7, 2013.

("TILA"); the Real Estate Settlement Procedure Act, 12 U.S.C. § 2607 ("RESPA"); and bring eight additional state law causes of action against the Defendants in connection with Plaintiffs' May 25, 2006, purchase of two mortgages.  On March 8, 2013, MERS removed the action to this Court on the basis of federal question jurisdiction, pursuant to 28 U.S.C. § 1331.  The Court has considered carefully the Plaintiffs' Complaint and the Defendants' motions to dismiss and for the following reasons, Defendants' motions are granted in their entirety.

## BACKGROUND

In their Complaint, Plaintiffs allege that on or about May 25, 2006, they closed upon two loans, secured by a mortgage on their home at Baisley Avenue in the Bronx (the "Baisley Avenue Home").  (Compl. ¶ 6.)  These loans were originated and processed by Defendant Arlington and approved by Defendant Freemont.  (Id. ¶ 7.)  The two loans totaled $835,000.00 with a loan-to-value ratio of one hundred percent, which Plaintiffs allege was based upon an inflated appraisal.  (Id.)  The first loan was a forty-year adjustable rate mortgage in the amount of $668,000.00, with an initial payment of $4,297.51 and an initial interest rate of 7.300% and the second loan was a thirty-year mortgage with an initial payment of $1,437.86 and a fixed interest rate of 9.775%.  (Id.)  Plaintiffs allege that, after the closing of the loans, their financial position deteriorated, and as a result of what Plaintiffs refer to as the "predatory" loans, Plaintiffs' net worth was "significantly impaired, if not, wiped out altogether."  (Id. ¶¶ 7-8, 19.)

In or around January 30, 2013, six and a half years later, Plaintiffs filed their Complaint in New York State Supreme Court, alleging that Defendants failed to fulfill various legal obligations during Plaintiffs' purchase of the loans by, inter alia, selling Plaintiffs overpriced loans with an excessive debt-to-income ratio, having underwriting that was well

below the required guidelines and charging Plaintiffs excessive fees at the closing.  (Compl. ¶¶ 9-11, 17.)  Plaintiffs allege that the Defendants failed to adequately disclose their interest and legal obligations in violation of TILA and charged "excessive fees" in violation of RESPA, and further assert state law claims for quiet title, breach of implied covenant of good faith and fair dealing, breach of fiduciary duty, unjust enrichment, breach of contract, fraud, unconscionability and violation of New York General Business Law § 349.  (Id. ¶¶ 20-58.)

## DISCUSSION

In order to survive a motion to dismiss, a plaintiff must plead sufficient facts "to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A complaint that offers only "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555.  In considering a Rule 12(b)(6) motion, all non-conclusory factual allegations are accepted as true and all reasonable inferences are drawn in favor of the plaintiff.  See, e.g., In re Elevator Antitrust Litig., 502 F.3d 47, 50 (2d Cir. 2007).  However, an unopposed Rule 12(b)(6) motion is still subject to review on the merits.  McCall v. Pataki, 232 F.3d 321, 322 (2d Cir. 2000) ("although a party is of course to be given a reasonable opportunity to respond to an opponent's motion, the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law").  Therefore, when presented with an unopposed motion, the Court must still review the record and determine whether the motion should be granted.  See, e.g., Kinlaw v. Walsh, 10 Civ.

07539(RMB)(JLC), 2012 WL 2548437, at *1 (S.D.N.Y. June 29, 2012).

Timeliness of Plaintiffs' Claims

Defendants first argue that many of Plaintiffs' federal and state law claims are time-barred by the applicable statute of limitations.  "A statute of limitations provides an affirmative defense, and the burden is on the defendant to establish when a federal claim accrues."  Gonzalez v. Hasty, 651 F.3d 318, 322 (2d Cir. 2011).  Therefore, "the Court may only dismiss an action based on the statute of limitations if, on the face of the complaint, it is clear that the claim is untimely."  FTA Mkt. Inc. v. Vevi, Inc., No. 11 Civ. 4789, 2012 WL 383945, at *3 (S.D.N.Y. Feb. 1, 2012) (citing Harris v. City of N.Y., 186 F.3d 243, 250 (2d Cir. 1999)).

### TILA and RESPA Claims[2]

"Congress provided a one year statute of limitations for private actions based on violations of TILA . . . [and] in 'closed-end credit' transactions, like the one at issue, the 'date of the occurrence of violation' is no later than the date the plaintiff enters the loan agreement or, possibly, when defendant performs by transmitting the funds to plaintiffs."  Cardiello v. The Money Store, Inc., No. 00 Civ. 7332(NRB), 2001 WL 604007, at *3 (S.D.N.Y. June 1, 2001), aff'd. 29 F. App'x 780 (2d Cir. 2002), cert. denied 537 U.S. 1046 (2002).  See also 15 U.S.C. § 1640(e) ("any action under this section may be brought . . . within one year from the date of the occurrence of the violation").  Thus, at the latest, Plaintiffs' TILA claims accrued when Plaintiffs closed on the mortgages and the funds were released in May 2006.  As the Complaint was not filed until January 2013, any claims that Plaintiffs seek to bring pursuant to TILA are

---

[2] Plaintiffs do not assert federal TILA and RESPA causes of action as separate counts within the Complaint, citing to the statutes only generally in the factual allegations section of the Complaint.  Taking the allegations in the Complaint in the light most favorable to the Plaintiffs, the Court assumes that the Plaintiffs intended to bring separate federal law claims.

untimely. See, e.g., Grimes v. Fremont General Corp., 785 F. Supp. 2d 269, 285 (S.D.N.Y. 2011) (the "plain language of Section 1640(e) and the cases interpreting that statute indicate that, where a damages claim under TILA is time-barred, the Court is prohibited from even reaching the question of whether the defendant has violated TILA") (internal quotation marks and citation omitted).

Similarly, "[u]nder RESPA, any action for violation of § 2605 must be brought within three years, and any actions for violations of 12 U.S.C. § 2607 or § 2608 must be brought within one year." Lee v. E*Trade Financial Corp., No. 12 Civ. 6543(PAE), 2013 WL 4016220, at *4 (S.D.N.Y. Aug. 6, 2013) (citing 12 U.S.C. § 2614). The latest a RESPA action could have been brought here was May 25, 2009. Because Plaintiffs' TILA and RESPA claims were made outside of the statute of limitations period, they are dismissed in all respects as time-barred. See, e.g., Deans v. Bank of America, No. 10 Civ. 9582(RJH), 2011 WL 5103343, at *3 (S.D.N.Y. Oct. 27, 2011) (summarily dismissing TILA and RESPA claims as time-barred).

### Breach of Good Faith and Fair Dealing, Breach of Fiduciary Duty, Unjust Enrichment, Breach of Contract and Unconscionability Claims

In Counts II, III, IV, V, and VII of the Complaint, Plaintiff asserts claims for breach of the covenant of good faith and fair dealing; breach of fiduciary duty; unjust enrichment; breach of contract; and unconscionability. Each of these five claims is subject to a six-year statute of limitations. See N.Y. C.P.L.R. § 213; see also Flight Sciences, Inc. v. Cathay Pacific Airways Ltd., 647 F. Supp. 2d 285, 288 (S.D.N.Y. 2009) ("[c]laims for breach of the covenant of good faith and fair dealing and for unjust enrichment are . . . subject to a six-year statute of limitations") (collecting cases); Kermanshah v. Kermanshah, 580 F. Supp. 2d 247, 262 (S.D.N.Y. 2008) ("New York's statute of limitations for breach of fiduciary duty is six years when a plaintiff seeks equitable relief and three years when a plaintiff seeks only money

damages," unless the fiduciary duty claims are based on allegations of fraud, in which case they "are subject to a six year statute of limitations regardless of the substantive remedy sought"); Ackoff-Ortega v. Windswept Pacific Entertainment Co. (Inc.), 120 F. Supp. 2d 273, 284 (S.D.N.Y. 2000) ("[u]nder New York Law, unconscionability claims are governed by a six-year statute of limitations").  Under New York law, the statute of limitations for a breach of contract claim is also six years.  See N.Y. C.P.L.R. § 213(2) ("an action upon a contractual obligation or liability, express or implied" under New York state law "must be commenced within six years"). "A cause of action for breach of contract ordinarily accrues and the limitations period begins to run upon breach."  Guilbert v. Gardner, 480 F.3d 140, 149 (2d Cir. 2007) (citation omitted).

All of Plaintiffs' claims accrued when they closed on the two mortgages on May 25, 2006.  As the closings occurred over six years ago, it is clear from "the face of the complaint" that these claims are untimely.  See FTA Mkt. Inc., 2012 WL 383945, at *3. Plaintiffs have not raised any basis for tolling the statute of limitations.  Therefore, all of these Counts are also dismissed.

### Fraud Claims

Plaintiffs also assert a claim for common law fraud under Count VI.  "Under New York law, claims of common law fraud and of breach of fiduciary duty based on fraud are generally subject to six-year statutes of limitations."  Cohen v. S.A.C. Trading Corp., 711 F.3d 353, 361 (2d Cir. 2013).  See N.Y.C.P.L.R. § 213(8) (for "an action based upon fraud; the time within which the action must be commenced shall be the greater of six years from the date the cause of action accrued or two years from the time the plaintiff . . . discovered the fraud, or could with reasonable diligence have discovered it"); see also Espie v. Murphy, 35 A.D.3d 346, 347, 825 N.Y.S.2d 537 (2d Dep't. 2006) ("[b]y the time the closing agreement was executed, the

alleged fraudulent misrepresentations had been made, and the plaintiffs were aware of facts from which they could reasonably infer the existence of the alleged fraud [and so] plaintiffs' causes of action accrued" on the date the closing agreement was executed). Here, Plaintiffs closed on the mortgages on May 25, 2006, at which point the cause of action accrued. This action was not brought for another six years. Accordingly, Count VI is also dismissed as time-barred.[3]

New York General Business Law § 349 Claims

Plaintiffs allege that Defendants violated New York General Business Law § 349. This law provides that "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful." N.Y. Gen. Bus. Law § 349(a). "Section 349 has a three-year statute of limitations, [which] 'accrues when [a] plaintiff becomes injured by the prohibited deceptive act or practice.'" Morson v. Kreindler & Kreindler, LLP, 814 F. Supp. 2d 220, 228 (E.D.N.Y. 2011) (citation omitted). Plaintiffs' injury here arose at the time of the closing when they were allegedly deceived. Accordingly, Plaintiffs' claims under Section 349 have been time-barred since May 25, 2009, and are also dismissed.

Merits of Plaintiffs' Quiet Title Claim

Plaintiffs also allege a cause of action for quiet title. "New York has codified the

---

[3] Moreover, to plead a claim for fraud under New York law against multiple defendants, "the complaint should inform each defendant of the nature of his alleged participation in the fraud." DiVittorio v. Equidyne Extractive Indus. Inc., 822 F.2d 1242, 1247 (2d Cir. 1987). Federal Rule of Civil Procedure 9(b) also requires that a party alleging fraud "state with particularity the circumstances constituting fraud or mistake." Here, there is no allegation in the Complaint that any specific misrepresentation were ever made by any specific defendant. "[A] plaintiff's reliance on blanket references to acts or omissions by all defendants fails to provide those defendants with fair notice of the nature of their alleged participation in the fraud." Meisel v. Grunberg, 651 F. Supp. 2d 98, 120 (S.D.N.Y. 2009). Accordingly, Plaintiff does not adequately plead common law fraud.

common law action to quiet title and statutorily redefined the necessary elements for a well-pleaded remaining cloud on title complaint [under] Article 15 of the Real Property Actions and Proceeding Law." West 14th Street Commercial Corp. v. 5 West 14th Owners Corp., 815 F.2d 188, 196 (2d Cir. 1987).[4]  "A claim for quiet title requires a Plaintiff to allege 'the existence of a removable 'cloud' on the property, which is an apparent title, such as in a deed or other instrument, that is actually invalid or inoperative.'" Tamir v. Bank of New York Mellon, No. 12 Civ. 4780(DLI)(JO), 2013 WL 4522926, at * 6 (E.D.N.Y. Aug. 27, 2013) (quoting Barberan v. Nationpoint, 706 F. Supp. 2d 408, 418 (S.D.N.Y. 2010)).[5]

Here, "plaintiff[s] ha[ve] failed to state a claim for quiet title because [they] ha[ve] failed to allege any facts giving rise to a plausible inference that the Mortgage is invalid." Pollak v. Bank of America, No. 12 Civ. 7726(VB), 2013 WL 4799264, at * 3 (S.D.N.Y. Aug. 27, 2013) (dismissing plaintiff's quiet title claims with prejudice).  While the Complaint might be construed as alleging that the mortgages constitute a cloud on Plaintiffs' title, Plaintiffs have failed to allege in the Complaint whether they are in actual or constructive possession of the Baisley Avenue Home.  See, e.g., Neely v. RMS Residential Mortg. Solution, L.L.C., No. 12 Civ. 1523 (JS)(AKT), 2013 WL 752636, at *14 (E.D.N.Y. Feb. 26, 2013) (dismissing Plaintiff's

---

[4]   To state a claim to quiet title under the RPAPL, Plaintiff must allege: (1) the particular nature of the plaintiff's interest in the real property and the source of such an interest; (2) that the defendant claims or seems to claim an interest adverse to the plaintiff's interest, and the nature of the defendant's interest; (3) whether any defendant is known or unknown or is incompetent in some way; and (4) whether the judgment will or might affect other persons who were not ascertained at the commencement of the action. N.Y. R.P.A.P.L. § 1515(1) (McKinney 1978).

[5]   Defendant MERS asserts that the mortgage has been transferred out of MERS and so Plaintiffs cannot assert a claim for quiet title against MERS.  However, as Plaintiffs' claim for quiet title is pleaded insufficiently as against all of the Defendants, the Court does not consider separately the viability of the cause of action against MERS.

claim for quiet title for "fail[ing] to properly allege an interest in the Property and the source of that interest"). Plaintiffs only offer broad and conclusory allegations without specifying any bases for their claims. Accordingly, as Plaintiffs have failed to sufficiently state a claim for quiet title, Count I of their Complaint is also dismissed.

## CONCLUSION

For the foregoing reasons, Defendants Arlington and MERS' motions to dismiss the Complaint are granted. This Memorandum Opinion resolves docket entry numbers 5 and 11. No other parties have appeared in this action. Accordingly, the Clerk of Court is hereby requested to enter judgment dismissing the Complaint in its entirety to close this case.

SO ORDERED.

Dated: New York, New York
      December 6, 2013

                                      /S
                          LAURA TAYLOR SWAIN
                          United States District Judge